**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: JUDGE RICHARD K. EATON**

-------------------------------------------------------------------- X

THE FRESH PRODUCE ASSOCIATION OF THE
AMERICAS, for and on Behalf of its Members,

     **Plaintiff,**

     *v.*

                                             **Case No.  1:25-cv-01066**

U.S. CUSTOMS AND BORDER PROTECTION;
RODNEY S. SCOTT, in his official capacity as
Commissioner of U.S. Customs and Border
Protection; and the UNITED STATES OF AMERICA

     **Defendants.**

-------------------------------------------------------------------- X

### PLAINTIFF'S MOTION TO SET ASIDE STAY

In accordance with Rules 1, 7, and 15(a)(2) of the Rules of the United States Court of International Trade, plaintiff The Fresh Produce Association of the Americas respectfully moves this Court to set aside the stay in the case for the purpose of allowing Plaintiff to Amend the Complaint entered in this case on December 31, 2025.

Plaintiff commenced this action on December 31, 2025 for the purpose of seeking refunds of tariffs alleged to have been unconstitutionally and unlawfully exacted under claimed authority of the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §1701 et seq.  On February 20, 2026, the United States Supreme Court, in Learning Resources Inc. v. Trump, 607 U.S. ___ (2026) held the challenged tariffs to be in fact unconstitutional.  On March 17, 2026, this case was reassigned from the previously-assigned three judge panel to Senior Judge Eaton, and was stayed until notice. The Court specified that any party seeking to lift the stay must show good cause.

Customs and Border Protection recently announced the functionality of its "CAPE Phase III" system, which would allow the processing or refunds for entries, including those liquidated more than 80 days ago. Customs has indicated that before it will issue refunds of entries liquidated more than 80 days ago, it requires an order from this Court directing that refunds be granted. This Court issued such orders in more than 3000 pending cases, including an order in the instant case dated July 21, 2026 [ECF 9].

The Fresh Produce Association of America filed this suit on behalf of various Mexican vegetable growers and their agents. Accordingly, many of the companies covered by this suit were subject to IEEPA tariffs for the brief period that they were applied to USMCA-originating goods in 2025. Due to the brief nature of the application of those tariffs, many of these growers did not individually file IEEPA recovery suits at the Court of International Trade, but some did so under associations. The complaint filed in December of 2025 did not include Freska Produce International of Oxnard, CA which now seeks to join the lawsuit filed by The Fresh Produce Association of the Americas.

All Plaintiffs are entitled to their CAPE refunds, and should not be further delayed from seeking them. The circumstances attendant to this case provide good cause for lifting the stay in this case so that plaintiffs' Amended Complaint may be entered.

WHEREFORE, plaintiff respectfully moves that this Court set aside the stay entered in this case on January 5, 2026 [ECF 7] so that it may amend the Complaint of December 31, 2025 [ECF 2].

On August 7, 2026, plaintiff conferred with Claudia Burke, counsel for defendant, who indicated that Defendant consents to the granting of this motion.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
NEVILLE PETERSON LLP
*Counsel to Plaintiff*
One Exchange Plaza at 55 Broadway
New York, New York 10006

August 10, 2026